David A. Stein, Esq. (State Bar No. 102556)
Gina D. Boer, Esq. (State Bar No. 124990)
STEIN, RUDSER, COHEN & MAGID LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 987-8300
Facsimile: (510) 987-8333

Attorneys for Plaintiff HAROLD A. PARKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAROLD A. PARKER, an individual<br><br>          Plaintiff,<br>     vs.<br><br>BEIN & FUSHI, INC., a corporation; ROBERT BEIN & GEOFFREY FUSHI, INC., a corporation; BEIN & FUSHI, INC., a corporation; ROBERT BEIN, an individual; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No: C 03-05748 EDL ARB<br><br>**AMENDED COMPLAINT FOR DECEIT, NEGLIGENT MISREPRESENTATION, AND BREACH OF CONTRACT** |

Plaintiff HAROLD A. PARKER ("Plaintiff") alleges as follows:

PARTIES

1. At all times mentioned herein, Plaintiff is and was an individual citizen of the State of California.

2. Plaintiff is informed and believes, and based thereon, alleges that Defendant Bein & Fushi, Inc. ("B&F") is and was at all relevant times an Illinois corporation doing business in the State of California and had substantial commercial contacts with the State of California, including the County of Marin. Plaintiff is informed and believes, and, based thereon, alleges that B&F is the largest dealer in antique and fine violins and violas in the United States.

3.  Plaintiff is informed and believes, and, based thereon, alleges that Defendant Robert Bein & Geoffrey Fushi, Inc. ("RBGF") is and was at all relevant times an Illinois corporation doing business in the State of California and had substantial commercial contacts with the State of California, including the County of Marin.  Plaintiff is informed and believes, and, based thereon, alleges that RBGF is the largest dealer in antique and fine violins and violas in the United States.

4.  Plaintiff is informed and believes, and, based thereon, alleges that Defendant Robert Bein ("Bein") is and was at all relevant times an individual residing in the State of Illinois, and traveling around the world for business, including California.  Plaintiff is informed and believes, and, based thereon, alleges that Defendant Bein was at all relevant times an employee, managing agent, and corporate officer of Defendants B&F and RBGF.  Plaintiff is informed and believes, and, based thereon, alleges that Bein deals in antique and fine violins and violas around the United States and the world.

5.  The true names and capacities, whether individual, corporate, or otherwise, of Defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint to provide the true names, capacities, and identities of Does 1 through 50 when the same has been ascertained.

6.  Plaintiffs are informed and believe, and based thereon, allege that Defendants B&F, RBGF, and/or Bein, including Does 1 through 50, was each the agent or employee of each of the other Defendants, and in doing the things alleged herein, was acting within the course of said agency and/or employment and with the knowledge and approval of the other Defendants.

## JURISDICTIONAL ALLEGATIONS

7.  Pursuant to 28 USC § 1332, this Court has subject-matter jurisdiction over this case because Plaintiff is a citizen of California and each of the Defendants is a citizen of Illinois, and the amount in controversy exceeds $75,000.00.

8.  This Court has personal jurisdiction over each of the Defendants because each of the Defendants has substantial, continuous, and/or systematic contacts with California.

9. This Court also has personal jurisdiction over each of the Defendants because (a) each purposefully directed its activities towards California, (b) Plaintiff's claims arise out of the activities that each Defendant directed towards California, and (c) the exercise of jurisdiction over each Defendant comports with traditional notions of fair-play and substantial justice.

## GENERAL ALLEGATIONS

10. Defendants B&F, RBGF, and Bein hold themselves out to be expert appraisers of the value of antique violins and violas. Each holds itself or himself out to be a person who possesses superior knowledge concerning the value of antique violins and violas.

11. On or before July 31, 1998, an agent of B&F, RBGF, and/or Bein represented to Plaintiff that a viola crafted by Giovanni Baptista Gabbrielli in 1757 (the "Viola") was worth approximately $150,000.00. This representation was made at Plaintiff's house in Tiburon, County of Marin, California.

12. On July 31, 1998, Plaintiff entered into a written contract with Defendant B&F in which Plaintiff promised to sell an antique violin crafted by J.B. Guadagnini to B&F in exchange for the Viola and a cash payment of $350,000.00. The Bill of Sale was signed at Plaintiff's home in Tiburon, California. The negotiations leading to this sale also took place at Plaintiff's home in Tiburon, California.

13. Delivery of the violin took place at Plaintiff's home in Tiburon, California. The Viola was delivered to Plaintiff's home.

14. Defendants stated the value of the Viola to be $150,000.00 in an invoice dated July 31, 1998.

15. On October 23, 1998, Defendant Bein represented to Plaintiff in a written appraisal that the Viola was worth $165,000.00.

16. Unknown to Plaintiff, the Viola was actually worth approximately $60,000.00.

## DISCOVERY-RULE ALLEGATIONS

17. Plaintiff had no reason to inquire into the value of the Viola until 2001, at the very earliest.

## FIRST CAUSE OF ACTION

(Deceit (Intentional Misrepresentation) – Against All Defendants)

18. Plaintiff incorporates herein every allegation contained in Paragraphs 1 through 17, inclusive, as though set forth in full herein.

19. On or before July 31, 1998, Defendants B&F, RBGF, and/or Bein represented, through their agents, to Plaintiff that the Viola was worth approximately $150,000.00. On October 23, 1998, Defendants B&F, RBGF, and/or Bein represented to Plaintiff that the Viola was worth $165,000.00.

20. Plaintiff is informed and believes, and based thereon, Plaintiff alleges that the representations were false, and that the Viola was worth $60,000.00 or less.

21. Plaintiff is informed and believes, and based thereon, Plaintiff alleges that Defendants B&F, RBGF, and/or Bein did not have a good-faith belief that the Viola was worth $150,000.00 when it was represented to Plaintiff that it was.

22. Plaintiff is informed and believes, and based thereon, alleges that when Defendants B&F, RBGF, and/or Bein made these representations, they, each and every one, knew them to be false and/or dishonest and made these representations with the intention to deceive and induce Plaintiff to act in reliance on these representations with the expectation that Plaintiff would enter into and perform his agreement with Defendant B&F.

23. Plaintiff, at the time these representations were made and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did enter into and perform his agreement with Defendant B&F, and conferred on B&F a rare violin. Had Plaintiff known the actual facts, he would not have taken such actions, nor would he have conferred upon Defendant B&F a rare violin as required by the agreement. Plaintiff's reliance on Defendant B&F, RBGF, and/or Bein's representations was justified because each Defendant held itself or himself out as an expert, by virtue of possessing superior knowledge, on the value of antique violins and violas.

24. The aforementioned conduct of Defendants B&F, RBGF, and/or Bein was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants

B&F, RBGF, and/or Bein with the intention on the part of the Defendants B&F, RBGF, and/or Bein of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

25. As a proximate result of the fraudulent conduct of Defendants B&F, RBGF, and/or Bein as herein alleged, Plaintiff has suffered economic injuries and emotional distress.

WHEREFORE, Plaintiff prays for damages and relief as specified hereafter.

## SECOND CAUSE OF ACTION
(Deceit (Suppression of Facts) – Against All Defendants)

26. Plaintiff incorporates herein every allegation contained in Paragraphs 1 through 25, inclusive, as though set forth in full herein.

27. On or before July 31, 1998, an agent of Defendants B&F, RBGF, and/or Bein represented to Plaintiff that the Viola was worth approximately $150,000.00. On October 23, 1998, Defendants B&F, RBGF, and/or Bein again represented to Plaintiff that the Viola was worth $165,000.00. Plaintiff is informed and believes, and based thereon, alleges that Defendants B&F, RBGF, and/or Bein suppressed the fact that the Viola was worth less than $150,000.00. Suppression of this fact was likely to mislead Plaintiff.

28. Suppressions of information herein alleged to have been made by Defendants B&F, RBGF, and/or Bein were made with the intent to induce Plaintiff to enter into and perform his agreement with Defendant B&F, including but not limited to, conferring upon Defendant B&F a rare violin.

29. Plaintiff, at the time these representations were made and at the time Plaintiff took the actions herein alleged, was ignorant of the facts suppressed by Defendants B&F, RBGF, and/or Bein and was misled to believe that the Viola was worth in excess of $150,000.00. In reliance on these representations, Plaintiff was induced to and did enter and perform his agreement with Defendant B&F. Had Plaintiff known the actual facts, he would not have taken such actions nor conferred a rare violin on Defendant B&F. Plaintiff's reliance on these representations was

justified because Defendants B&F, RBGF, and/or Bein each held itself or himself out to be an expert, by virtue of possessing superior knowledge, on the value of antique violins and violas.

30. The aforementioned conduct of Defendants B&F, RBGF, and/or Bein was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants B&F, RBGF, and/or Bein with the intention on the part of the Defendants B&F, RBGF, and/or Bein of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

31. As a proximate result of the deceitful conduct of Defendant Bein as herein alleged, Plaintiff has suffered monetary damages and emotional distress.

WHEREFORE, Plaintiff prays for damages as specified hereafter.

THIRD CAUSE OF ACTION
(Negligent Misrepresentation – Against All Defendants)

32. Plaintiff incorporates herein every allegation contained in Paragraphs 1 through 31, inclusive, as though set forth in full herein.

33. On or before July 31, 1998, an agent of Defendants B&F, RBGF, and/or Bein represented to Plaintiff that the Viola was worth $150,000.00. On October 23, 1998, Defendants B&F, RBGF, and/or Bein again represented to Plaintiff that the Viola was worth $165,000. Plaintiff is informed and believes, and based thereon, alleges that Defendants B&F, RBGF, and/or Bein suppressed the fact that the Viola was worth less than $150,000.00. Plaintiff is informed and believes, and based thereon, alleges that when Defendants B&F, RBGF, and/or Bein made these representations, none had no reasonable ground for believing them to be true.

34. Defendants B&F, RBGF, and/or Bein made these representations with the intention of inducing Plaintiff to enter into and perform an agreement with Defendant B&F.

35. Plaintiff, at the time these representations were made by Defendants B&F, RBGF, and/or Bein and at the time Plaintiff took the actions herein alleged, was misled to believe that the Viola was worth in excess of $150,000.00. In reliance on these representations, Plaintiff was induced to and did enter into and perform his agreement with Defendant B&F. Had Plaintiff

known the actual facts, he would not have taken such action. Plaintiff's reliance on Defendant Bein's representations was justified because Defendants B&F, RBGF, and/or Bein each held itself or himself out to be an expert, by virtue of superior knowledge, on the value of antique violins and violas.

36. As a proximate result of the negligent misrepresentation of Defendants B&F, RBGF, and/or Bein as herein alleged, Plaintiff has suffered monetary damages and emotional distress.

WHEREFORE, Plaintiff prays for damages as specified hereafter.

## FOURTH CAUSE OF ACTION
(Breach of Contract – Against Defendant B&F)

37. Plaintiff incorporates herein every allegation contained in Paragraphs 1 through 36, inclusive, as though set forth in full herein.

38. On or about July 31, 1998, at Tiburon, County of Marin, State of California, Plaintiff and Defendant B&F entered into a written agreement which required Defendant to deliver to Plaintiff a viola worth $150,000.00.

39. Defendant B&F procured Plaintiff's assent to the bargain by means of fraud.

40. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract except those excused by Defendant B&F's breaches.

41. Defendant breached the contract by delivering a viola worth only $60,000.

42. As a result of Defendant B&F's breach of contract, Plaintiff has suffered injuries to his damage.

## FIFTH CAUSE OF ACTION
(Rescission For Fraud – Against Defendant B&F)

43. Plaintiff incorporates herein every allegation contained in Paragraphs 1 through 42, inclusive, as though set forth in full herein.

44. As alleged above, on or about July 31, 1998, at Tiburon, California, Plaintiff and Defendant B&F entered into a written contract whereby Plaintiff was to sell to Defendant B&F an antique violin in exchange for the Viola and $350,000.00 cash.

45. On or about July 31, 1998, at Tiburon, California, an agent of Defendant B&F, while holding himself out as an expert, on the basis of possessing superior knowledge, of the value of antique violins and violas fraudulently represented to Plaintiff that the Viola was worth $150,000.00

46. The representations made by Defendant B&F were false. In truth, the Viola was worth approximately $60,000.00.

47. At the time the representations were made, at the time Plaintiff entered into the contract, and at the time Plaintiff rendered his performance under the contract, Plaintiff did not know the representations were false, but believed them to be true and reasonably relied on them. Defendant B&F held itself and its agents out to possess expert, superior knowledge on the value of antique violins and violas.  Had Plaintiff known the true facts, he would not have entered into the contract and would not have rendered or accepted performance thereunder.

48. Under the terms of the contract, on or about July 31, 1998, Plaintiff personally delivered the antique violin to Defendant B&F at his home in Tiburon, California.

49. On or about August 14, 1998, Defendant delivered possession of the Viola and $50,000.00 cash to the Plaintiff.  On or about October 14, 1998, Defendant delivered the balance remaining due ($300,000.00 cash) to Plaintiff.

50. Thereafter, Plaintiff discovered the true value of the Viola.

51. Plaintiff will suffer substantial harm and injury under the contract if it is not rescinded in that plaintiff will be deprived of his bargain and will have a Viola substantially less valuable than the one for which he bargained and intended to purchase.

52. Plaintiff intends service of the complaint in this action to serve as notice of rescission of the contract, and hereby offers to restore all consideration furnished by Defendant B&F under the contract, on condition that Defendant restore to him the consideration furnished by Plaintiff, specifically the antique violin by J.B. Guadagnini, Turin, c. 1779, ex Salabue.

53. In performing the acts herein alleged, Defendant B&F intentionally misrepresented to and/or concealed from Plaintiff material facts known to Defendant, specifically the true value of

the Viola, with the intention on the part of Defendant of depriving Plaintiff of his money and property, thereby justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays for (a) the Court to declare the contract rescinded, (b) the Court to order Defendant B&F to return the antique violin by J.B. Guadagnini, Turin, c. 1779, ex Salabue, (c) the Court to order Defendant to pay Plaintiff exemplary damages, and (d) the Court to order Plaintiff to return all consideration given by Defendant on condition that Defendant return the antique violin to Plaintiff.

### PRAYER FOR RELIEF

1. For general damages in excess of $100,000, according to proof, within the jurisdictional limits of this Court;

2. For costs of suit herein;

3. For exemplary damages;

4. For injunctive relief; and

5. For such other and further relief as the Court deems proper.

Dated: January 28, 2004                    STEIN, RUDSER, COHEN & MAGID LLP

By:  s/Gina D. Boer
         GINA D. BOER
         Attorney for Plaintiff Harold A. Parker